UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSICA L. COMBS and husband <br> SCOTT COMBS, <br>                Plaintiffs, <br> v. <br> PIGEON FORGE CAPRI MOTEL, INC., <br> SEVIER COUNTY, TENNESSEE, and <br> PIGEON FORGE, TENNESSEE, <br>                Defendants. | No. 3:03-CV-266 <br> (Shirley) |

## MEMORANDUM & ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

Plaintiffs move the Court to allow then to join Sevier County, Tennessee ("Sevier County") and Pigeon Forge, Tennessee ("Pigeon Forge") as Defendants in this action and to quash the earlier "Dismissals by Stipulation" [Docs. 36, 37] entered into by the Plaintiffs because the Stipulations are not valid and do not reflect the true intentions of the parties. [Doc. 57]. Specifically, Plaintiffs assert that they had agreed to the dismissal of Sevier County and Pigeon Forge based upon the representations of Defendant Pigeon Forge Capri Motel, Inc. ("Capri Motel") that Capri Motel would not claim at trial that either Sevier County or Pigeon Forge was at fault in this case. At a scheduling conference on May 3, 2005, counsel for Capri Motel indicated that he did not intend to stipulate to his client's responsibility for the property where the Plaintiff was injured and, while

maintaining that he did not intend to assert "fault," stated that he intended to introduce evidence at trial to show that Sevier County and/or Pigeon Forge, not the Capri Motel, was "responsible" for the area where Plaintiff fell. Based upon these representations of counsel, Plaintiffs argue, the earlier Stipulations are invalid.

Plaintiffs seek to join the former Defendants Sevier County and Pigeon Forge pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure. However, the Court finds that Fed. R. Civ. P. 60 is more applicable under the circumstances. Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The Court finds that the Plaintiffs entered into the subject Stipulations based upon the understanding that the issues of ownership and responsibility for the property in issue had been resolved and that the Defendant Capri Motel had accepted responsibility for such property. In light of the Defendant Capri Motel's reluctance now to concede or otherwise stipulate its responsibility for the area in which Plaintiff was injured, and its apparent intention to seek to prove at trial that Sevier County and/or Pigeon Forge are instead responsible for the area where the Plaintiff fell,

2

thereby absolving Capri Motel of liability, the Court finds that Plaintiff has shown sufficient justification to set aside the Dismissals by Stipulation previously entered in this action dismissing Pigeon Forge and Sevier County. It is apparent that the stipulated dismissals did not reflect the true intent of the parties with respect to the conditions of the dismissal of these Defendants from the lawsuit. The Court finds that either there was a mistake with regard to what was being stipulated or that the Plaintiffs' attorney inadvertently failed to utilize language specific enough to encompass the actual understanding or agreement of the parties, or at worst, neglected to do so. In regard to the latter, the Court finds such neglect excusable – if for no other reason than the Court itself understood that the stipulations in this case resolved the earlier issue of who owned and/or was responsible for the specific piece of property where the Plaintiff fell. At the very least, the Defendant's current position constitutes a surprise, both to the Plaintiffs' attorney and the Court.

For the foregoing reasons, Plaintiffs' Motion to Join Defendants and Quash "The Parties' Dismissal by Stipulation of the Defendant, Sevier County, Tennessee, Only" and "The Parties' Dismissal by Stipulation of the Defendant, Pigeon Forge, Tennessee, Only" [Doc. 57] is **GRANTED**. The Defendants Sevier County, Tennessee, and Pigeon Forge, Tennessee shall be joined as necessary parties to this action. Plaintiffs shall ensure that process is issued and served upon these Defendants in accordance with the Rules of Civil Procedure. This action shall proceed

3

according to the Plaintiffs' Amended Complaint [Doc. 12], filed on December 16, 2003, which includes Sevier County, Tennessee, and Pigeon Forge, Tennessee, as party defendants.

**IT IS SO ORDERED.**

ENTER:

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

4

Case 3:03-cv-00266   Document 59   Filed 06/15/05   Page 4 of 4   PageID #: 56